UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Civ. No. 00-2031 (DSD/SRN)

Richie Company, L.L.P.,

Plaintiff,

vs.

Lyndon Insurance Group, Inc.,

Defendant.

**STIPULATION FOR PROTECTIVE ORDER** and ORDER

STIPULATION

The parties hereto, through their undersigned counsel, hereby agree and stipulate that the court enter the following protective order:

1. Right to Designate Confidential Information. The parties may designate as "Confidential" (in the manner set forth in this Order) discovery materials (including but not limited to documents, answers to interrogatories, deposition testimony, responses to requests for admission, and all information derived therefrom, including but not limited to copies, excerpts, and summaries) that are produced or furnished (i) which are not publicly available at the time the discovery materials are produced or furnished, and (ii) which contain financial, proprietary, competitive, or otherwise confidential information. (Hereafter referred to collectively as "Confidential Discovery Material.") If any Confidential Discovery



FILED FEB 08 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Materials have become "publicly available" as the result of a breach of this agreement, or as the result of some other improper or inadvertent conduct, the parties agree nonetheless to treat such discovery materials as "Confidential."

2. Designation of Confidential Information. All discovery materials designated "Confidential" shall be stamped or labeled "Confidential." Alternatively, the parties may designate voluminous documents as "Confidential," without stamping, by notifying the other party of the identity of the documents to be designated as "Confidential." All answers to interrogatories and responses to requests for admissions designated "Confidential" shall be prefaced with the warning "Confidential", and all pages thereof shall be stamped "Confidential." All deposition testimony for which "Confidential" status is claimed shall be so designated at the time the testimony is given or within thirty business days after receipt of the deposition transcript by designating counsel. Prior to that time, all deposition testimony shall be deemed "Confidential." If any Confidential Discovery Materials are used in a deposition, all portions of the transcripts of such deposition which refer or relate to such Confidential Discovery Materials shall be treated as "Confidential" pursuant to the terms of this Order, and shall be bound separately.

3. Later Designation of Confidential Information. Production of documents and things for purposes of inspection and copying shall not constitute a waiver of confidentiality. When information not initially designated as confidential is so designated later in writing, each party shall make a reasonable effort to retrieve documents containing the later

designated confidential information and make reasonable efforts to obtain the agreement of persons to whom disclosure of such information may have been made to treat such information as confidential, but no sanctions shall be imposed upon a party for any disclosure of the later designated confidential information made prior to the party's receiving written notification of the later designation of the information as confidential.

4. Limits on Disclosure of Confidential Discovery Material. All Confidential Discovery Materials, and any notes, work papers, or other documents prepared from them which contain "Confidential" information, shall be retained by the attorneys of record in this matter, and may be disclosed only to members and employees of the firms of such attorneys of record, judicial officers and personnel (including stenographic reporters), and the parties to this action. Counsel may also disclose such Confidential Discovery Material to outside consultants and experts retained for the purpose of assisting in the preparation of this action for trial. Prior to disclosing any Confidential Discovery Materials to any party, consultant, or expert, counsel shall have obtained from such person an agreement in writing stating that he or she has read this Order and agrees to be bound by its provisions. (A form of an agreement to respect Confidential Discovery Material is attached hereto as Exhibit A and incorporated herein by reference.) Persons permitted access to Confidential Discovery Material under this paragraph shall not disclose, show, provide, or convey any such materials or information to any person, other than as provided in this Order. No copy of any

Confidential Discovery Material shall be made other than at the express direction of such attorneys of record.

5. Disclosure to Non-Parties. Confidential Discovery Material of the parties may be shown or provided to non-parties only as follows:

a. The attorneys of record to this litigation may show or provide Confidential Discovery Material or information of its client(s) without reservation.

b. The attorneys of record to this litigation may show and/or provide Confidential Discovery Material of the opposing party as may be reasonably necessary to develop evidence in the course of this action if, but only if, prior to showing such material counsel obtains from the non-party witness or potential non-party witness an agreement in writing stating that he or she has read this Order and agrees to be bound by its provisions. (A form of an agreement to respect confidential information is attached hereto as Exhibit A and incorporated herein by reference.) Any party seeking protection beyond that provided by this paragraph shall be entitled to seek further relief from the Court pursuant to Rule 26(c).

c. If any non-party witness refuses to sign an agreement to be bound, the parties shall make a joint motion to the appropriate court with notices to the non-party witness for appropriate relief.

6. Sanctions. Any party, including attorneys of record and outside consultants and experts retained in this action, who violates this Order, including but not limited to

unauthorized disclosure of Confidential Discovery Material, may be subject to all sanctions specified in the applicable rules of the Federal Rules of Civil Procedure.

7. Depositions. No person may refuse to answer any question at a deposition on the sole ground that the question requires the person to reveal confidential information. The deposition must proceed upon the following basis: prior to answering the deposition question or questions, all persons present shall be advised of the terms and conditions of this Order and, at the request of the designating party, all persons not authorized to receive confidential information under this Order shall leave the room during the time in which this information is disclosed or discussed. Counsel for the designating party shall either at the deposition or within thirty days after receipt of the transcript thereof, notify all other counsel either on the record or in writing, that the information disclosed has been designated confidential under this Order. Those portions of a deposition that are so designated shall be filed separately and under seal with the Court. In order to facilitate such designations, all deposition transcripts shall be treated as confidential until thirty days after receipt by designating counsel.

8. Use Limited to This Litigation Only. All Confidential Discovery Materials discovered or obtained by or on behalf of a party from an opposing party, or their officers, directors, employees, representatives, agents, and attorneys, shall be used solely for purposes of this action, and may not be used for any other purpose.

9. Limitation on Copying. No copies, summaries, or abstracts of Confidential Discovery Material shall be made for distribution or use by persons other than persons identified in paragraph 4.

10. Filing Protected Materials In Court. Protected materials (i.e., materials designated as confidential under this order) may not be filed in Court, whether separately or with or as part of pleadings or other court papers except under seal. The protected materials shall be filed in a sealed envelope or other appropriate container on which shall be endorsed the caption of this lawsuit, the title of the court paper or a brief description of the enclosed materials, the legend "Confidential – Subject to Court Order," and a statement to the following effect:

> This envelope [or other container] contains documents filed in this case by [name of party]; it is not to be opened by, nor are the contents to be displayed or revealed to, anyone other than authorized Court personnel, except upon order of the Court.

11. Inadvertent Production of Privileged Documents. Inadvertent production of documents otherwise subject to the attorney-client privilege or work product immunity shall not constitute a waiver of any privilege or immunity. Upon notification that a document or other discovery material has been inadvertently produced and that a claim of attorney-client privilege or work product will be made with regard to such document or other discovery material, the party receiving such notice shall refrain from utilizing said document or discovery in any manner or form including specifically, but not exclusively, use during the course of a deposition, review with witnesses, or any other disclosure or review whatsoever,

pending a ruling on a motion seeking the return of the document or discovery material. A party seeking such protection shall file a motion with the Court within seven days measured from the date of refusal by the receiving party to return such document or discovery material. A hearing shall thereafter be conducted as soon as an available court date is obtained.

12. Inadvertent Disclosure of Confidential Information. If a party or any of its representatives, including counsel, inadvertently discloses any information or documents designated as confidential pursuant to this Order to persons who are not authorized to use or possess such confidential information, the party shall provide immediate written notice of the disclosure to the party whose confidential information was inadvertently disclosed. Similarly, in the event a party has knowledge that confidential information is being used or possessed by a person not authorized to use or possess confidential information or documents pursuant to this Order, regardless of how the confidential information was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose confidential information is being used or possessed. In the event of any inadvertent disclosure or unauthorized use or possession of confidential information, the parties shall cooperate and make reasonable efforts to retrieve such confidential information and/or to obtain the agreement of persons to whom such inadvertent or unauthorized disclosure was made to treat such information as confidential.

13. Advice to Client. Nothing in this Order shall bar counsel from rendering advice to his/her client with respect to this case, and, in the course thereof, referring to,

relying upon, or disclosing such Confidential Discovery Material to those parties, attorneys, experts, and consultants identified in paragraph 4.

14. Notice of Other Court Subpoena or Order. If another court or administrative agency subpoenas or orders production of information or documents stamped confidential which a party has obtained under the terms of this Order, such party shall promptly notify the attorneys of record of the party or other person who designated the information or documents as confidential of the pendency of such subpoena or order, and shall furnish those attorneys of record with a copy of said subpoena or order.

15. Use at Trial. Nothing in this Order shall preclude the use of Confidential Discovery Material at trial or in connection with motions. The parties agree, however, subject to the discretion of the judge, that they will request the Court to maintain the confidentiality of Confidential Discovery Material during all court proceedings, including the trial or any appeal in this action.

16. Scope of Discovery. This Order shall not enlarge or affect the proper scope of discovery in this litigation, nor shall this Order imply that Confidential Discovery Material under the terms of this Order is properly discoverable, relevant, or admissible in this litigation.

17. Good Faith Efforts. All counsel of record in this litigation shall make a good faith effort to comply with the provisions of this Order and to ensure that their clients do so.

In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order.

18. Modification. Any party may apply for modification of this Order upon reasonable notice to the other parties and after counsel for the party which deems itself aggrieved shall have contacted opposing counsel to attempt to resolve the issue through informal negotiation. This Order shall not be deemed a waiver by any party of its rights to object to any discovery on any of the grounds provided by the Federal Rules of Civil Procedure, including confidentiality, or otherwise. The entry of this Order shall not create any presumption that any Confidential Discovery Material by a party are in fact confidential and entitled to protection against disclosure, and this Order is without prejudice to the right of the attorney for any party to seek from the Court a release from the terms of this Order as to any Confidential Discovery Material. Notice shall be given to all other parties prior to the time any such application is made to this Court.

19. Privileges. Nothing in this Order shall affect any matter of attorney-client privilege, work product immunity, or any other privilege or immunity.

20. Return at End of Action. At the conclusion of this action, all Confidential Discovery Material, including all copies, extracts and summaries thereof, and documents containing information taken therefrom but excluding attorney work papers, shall be promptly returned to the respective counsel, if requested. Notwithstanding the foregoing,

each counsel may retain one copy of all pleadings which might contain or refer to such Confidential Discovery Material.

21. Continuing Obligation to Maintain Confidentiality. The terms of this Order shall survive and remain in effect after the termination of this action. The parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Discovery Material, through inadvertence or otherwise, after the conclusion of this action. This Court shall retain jurisdiction to enforce this Order after the conclusion of this action.

DATED: February 5th, 2001.

FRUTH AND ANTHONY

By ______________________
Robert J. Tansey, Jr. (#108340)
Norman J. Baer (163715
John P. Boyle (#186946)
3750 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

**Attorneys for Plaintiff**
**Richie Company, L.L.P.**

DATED: February 6, 2001.

BRIGGS AND MORGAN

By ______________________
Mark G. Schroeder (#171530)
2200 First National Bank Building
332 Minnesota Street
Saint Paul, MN 55101
(651) 223-6600

**Attorneys for Defendant**
**Lyndon Insurance Group, Inc.**

**ORDER**

Upon the stipulation of the parties for a protective order, pursuant to Fed. R. Civ. P. 26(c), and good cause appearing why such an order should be entered;

IT IS ORDERED that the foregoing stipulation for protective order be and the same hereby is entered, and the parties shall be subject to the above protective order during the pendency of this action.

DATED: February 8, 2001.

Susan Richard Nelson
United States Magistrate Judge

# AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION

I have read and fully understand the Protective Order of the United States District Court, District of Minnesota, issued on the _____ day of _____________, 2001, in an action entitled Richie Company, L.L.P. vs. Lyndon Insurance Group, Inc., Court Case No. 00-2031 (DSD/SRN). A copy of the Protective Order has been delivered to me to keep with my copy of this Agreement. I agree to be bound by all terms of the Protective Order.

I further agree that I shall not disclose to others, except in accordance with the Protective Order, any designated Confidential Discovery Material or any information contained therein, and that such Confidential Discovery Material and the information contained therein may only be used for the purposes set forth in the Protective Order. I also agree and understand that I am obligated to honor the confidentiality of designated Confidential Discovery Material and information, and will continue to do so even after the above-referenced lawsuit concludes.

I understand that unauthorized disclosures of Confidential Discovery Material and confidential information constitute contempt of court, and that breach of this Agreement is directly actionable by any person whose designated confidential information or documents are disclosed in violation of this Protective Order. I also consent to the exercise of personal jurisdiction by the above referenced court with respect to this Agreement and the Protective Order.

________________________________
(Signature)

________________________________
(Name Printed)

________________________________
(Street Address)

________________________________
(City) (State) (Zip Code)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.